UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CajunLand Pizza, LLC, et al.,                          Case No. 3:20-cv-536

           Plaintiffs,

     v.                                         MEMORANDUM OPINION
                                                     AND ORDER

Marco's Franchising, LLC, et al.,

           Defendants.

### I.     INTRODUCTION

Defendant Marco's Franchising, LLC ("MFLLC") has filed a motion for partial summary judgment seeking: (1) summary judgment in its favor on the breach of contract claims asserted by Plaintiffs SELA Pizza #1, LLC ("SELA #1") and SELA Pizza #2, LLC ("SELA #2"); and (2) an order limiting the amount of damages any Plaintiff may recover to the sum certain of $130,000. (Doc. No. 118). All remaining Plaintiffs filed a collective brief in opposition to MFLLC's motion, (Doc. No. 128), and MFLLC filed a reply. (Doc. No. 131).

### II.     BACKGROUND

Between 2010 and 2013, each remaining Plaintiff in this action executed a Franchise Agreement with Franchisor MFLLC and became a Franchise Owner of a Marco's Pizza Store located in the New Orleans, Louisiana area. (Doc. Nos. 13-4, 13-5, 13-7, and 13-8). Specifically, under these Agreements, SELA #1 was the Franchise Owner of Store #5011, (Doc. No. 13-4), SELA #2 was the Franchise Owner of Store #5014, (Doc. No. 13-5), Partners Pizza #1, LLC was the Franchise Owner of Store #5022, (Doc. No. 13-7), and Old Tyme Pizza, LLC was the Franchise Owner of Store # 5061. (Doc. No. 13-8). Brian Landry signed the Franchise Agreements for stores

#5011, # 5014, and #5022 on behalf of SELA #1, SELA #2, and Partners Pizza as "Managing Partner" of each. (Doc. No. 13-4 at 60; Doc. No. 13-5 at 60; Doc. No. 13-7 at 62).

In 2017, Ketan Desai, "a then operating Marco's franchisee from Florida," offered to purchase five Marco's Pizza stores in the New Orleans area, including Plaintiffs' four, for $650,000. (Doc. No. 128-1 at 3; Doc. No. 128-2 at 3).

On November 3, 2017, MFLLC Director of Corporate Compliance, Debbie Allen, sent letters approving this sale to both Desai and Landry. (Doc. Nos. 128-5 and 128-6). Specifically, in the letter to Landry, she stated, "We have received a copy of the letter of intent from Ketan Desai to purchase Marco's Pizza stores #5011, #5014, #5022 in the New Orleans, LA market. As outlined in Section 20.2.2 of the franchise agreement, we hereby relinquish our right of first refusal and have approved Ketan to purchase the stores." (Doc. No. 128-5). In the letter to Desai, she stated, "Below please find our process for completing the transfer of Marco's Pizza Stores #5011, #5014, #5022, #5025, and #5061….You have been approved to move forward with the purchase of the stores located in the New Orleans, Louisiana market for $650,000." (Doc. No. 128-6). Both letters advised that "[t]he transfer will become effective and [Desai] will take ownership of the stores upon execution and our receipt of the purchase and sale agreement, franchise agreement, transfer agreement, and the final distribution of funds." (Doc. Nos. 128-5 and 128-6).

In April 2018, a Bill of Sale and Assignment and Assumption ("Sale Agreement")[1] was executed, which provided that Desai would purchase the five stores for $650,000. (Doc. No. 118-1). The Sale Agreement correctly identified the "Seller" of Store #5022 as Partners Pizza and Store

---

[1] MFLLC introduced the shorthand term "Sale Agreement" for this contract. (Doc. No. 118 at 3). Plaintiffs subsequently referred to it as the same in their opposition brief. (Doc. No. 128 at 10, 15). Accordingly, I too will refer to this contract as the "Sale Agreement." Additionally, while Plaintiffs and MFLLC each introduce the Sale Agreement as an Exhibit, (Doc. Nos. 118-1 and 128-3), I will cite to it as "Doc. No. 118-1."

#5061 as Old Tyme Pizza. (*Id.*). But it incorrectly identified "CajunLand Pizza, LLC" as the "Seller [who] own[ed] and operate[d]" Store #5011 and Store #5014 rather than SELA #1 and SELA #2, respectively. (*Id.*). CajunLand Pizza, LLC is the sole member of both SELA #1 and SELA #2. (Doc. No. 128-1 at 2; Doc. No. 128-2 at 2).

The parties have not submitted any evidence to show what occurred after the Sale Agreement was executed but instead cite the Third Amended Complaint to explain the events that followed its execution. (*See* Doc. No. 118 at 2; Doc. No. 128 at 4-5). Doing the same, I take as true for the purposes of this motion that the sale to Desai was set to close on May 21, 2018, but on May 16, 2018, the MFLLC management team called Plaintiffs' representatives to inform them MFLLC was "withdrawing their earlier written consent and stopping the transaction." (Doc. No. 74 at 14).

Based on these events, Plaintiffs each assert a breach of contract claim against MFLLC, alleging MFLLC breached Sections 20.2.3 and 21.7 of the Franchise Agreements by: (1) "failing to follow the requirements it agreed to for withdrawal of a prior approval"; and (2) "unreasonably withholding their approval" of the sale to Desai.[2] (Doc. No. 74 at 24).

### III. STANDARD

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor.

---

[2] Within the breach of contract claim, Plaintiffs also allege MFLLC breached the implied covenant of good faith and fair dealing. (Doc. No. 74 at 24). While the parties touch upon this in their opposition and reply briefs, it is not material to my decision and therefore I decline to address it further in this opinion.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

## IV.  DISCUSSION

MFLLC's motion for partial summary judgment is grounded in its theory that each Plaintiff's recoverable damages is "limited to the amount that a specific Plaintiff would have received, but did not, under the Sale Agreement with Desai." (Doc. No. 118 at 10). Based on this theory, MFLLC seeks: (1) summary judgment in its favor on the breach of contract claims asserted by SELA #1 and SELA #2; and (2) "an order providing that any Plaintiff's breach of contract claim for damages, while subject to offsets and other reductions, is limited to the amount that a specific Plaintiff would have received, but did not, under the Sale Agreement with Desai (a maximum of $130,000 per Plaintiff before offsets or other reductions)." (*Id.*).

It is well established that to succeed on an Ohio breach of contract claim, the claimant must establish "damages or loss resulting from the breach." *Lucarell v. Nationwide Mut. Ins. Co.*, 97 N.E.3d 458, 469 (Ohio 2018). Further, the Supreme Court of Ohio has held, "summary judgment may be granted to the defendant in a breach-of-contract case where the plaintiff has failed to provide evidence of economic damages resulting from a breach of contract and has failed to seek injunctive relief or specific performance of a contractual duty, but instead rests his or her right to proceed to trial solely on a claim for nominal damages." *DeCastro v. Wellston City Sch. Dist. Bd. of Educ.*, 761 N.E.2d 612, 617 (Ohio 2002). Still, "a plaintiff need not quantify those economic damages to survive summary judgment, but it must offer evidence of the *existence* of economic damages to survive summary judgment." *Princeton Radiology Assocs., PA v. Advoc. Radiology Billing & Reimbursement Specialists*, No. 2:19-cv-2311, 2022 WL 501205, at *5 (S.D. Ohio Jan. 3, 2022) (emphasis in original).

4

MFLLC first contends SELA #1 and SELA #2 cannot show evidence of the *existence* of economic damages because neither is a party to the Sale Agreement. Specifically, MFLLC alleges, "neither SELA #1 nor SELA #2 had a right to receive any payment from Desai under the Sale Agreement' as a matter of law, [and] therefore, those two Plaintiffs sustained no damages recoverable under Ohio law when MFLLC did not approve the sale proposed under the Sale Agreement."[3] (Doc. No. 118 at 5).

SELA #1 and SELA #2 do not dispute that the Sale Agreement is evidence of the amount Plaintiffs would have received if the stores had been sold to Desai as previously approved. But SELA #1 and SELA #2 also cite the following evidence to show they each were entitled to part of the payment from Desai: "the approval letter issued to them by Defendant [P's Ex. E], the letter issued to Desai approving the sale [P's Ex. F], Desai's contract with Plaintiffs [P's Ex. C] and the individual franchise agreements." (Doc. No. 128 at 10 (citing Doc. Nos. 13-4, 13-5, 118-1, 128-5, and 128-6)). Viewing this evidence in the light most favorable to SELA #1 and SELA #2 and drawing all reasonable inferences in their favor, I conclude a reasonable jury could find SELA #1 and SELA #2 were entitled to receive payment from Desai.

The Sale Agreement is evidence that Desai would have paid $650,000 to purchase the five stores, including Store #5011 and Store #5014. (Doc. No. 118-1). The same is evidenced by the November 3, 2017 approval letter sent by MFLLC to Desai, which states, "Below please find our process for completing the transfer of Marco's Pizza Stores #5011, #5014, #5022, #5025, and #5061. … You have been approved to move forward with the purchase of the stores located in the

---

[3] MFLLC sets forth no evidence to show the terms of the "sale proposed of the Sale Agreement" were ever considered, let alone rejected on the merits. Instead, it asserts "[t]here is no record evidence that Desai or Plaintiffs ever sent the Sale Agreement to MFLLC for approval in 2018." (Doc. No. 118 at 5 n.4). Because MFLLC has not shown the terms of the Sale Agreement played any role in its decision to withdraw its previous approval and reject the sale to Desai, I reject its *post hoc* challenges to those terms.

5

New Orleans, Louisiana market for $650,000." (Doc. No. 128-6). From the Franchise Agreements, a reasonable jury could conclude SELA #1 and SELA #2 owned Store # 5011 and #5014, respectively. (Doc. Nos. 13-4 and 13-5). In turn, considering this evidence together, a reasonable jury could infer that SELA #1 and SELA #2 would receive payment from the sale of the Stores they owned and, thus, could conclude SELA #1 and SELA #2 suffered damages when MFLLC withdrew its prior approval and rejected the sale to Desai. Therefore, MFLLC is not entitled to summary judgment of these breach of contract claims.

Concluding all remaining Plaintiffs have offered sufficient evidence of the existence of damages to survive summary judgment, I now turn to MFLLC's request for an order limiting damages to "a maximum of $130,000 per Plaintiff before offsets or other reductions." (Doc. No. 118 at 10). MFLLC cites no legal authority to support this request. Perhaps this is because ordering that damages be limited to a sum certain at the summary judgment stage would effectively require a plaintiff to "quantify those economic damages to survive summary judgment." *Princeton Radiology*, 2022 WL 501205, at *5. Because such a requirement is at odds with the law, I deny MFLLC's request.[4] (Doc. No. 118 at 10).

## V. CONCLUSION

For the foregoing reasons, MFLLC's motion for partial summary judgment is denied. (Doc. No. 118).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[4] While I appreciate MFLLC's desire to avoid unnecessary discovery, (Doc. No. 118 at 10), it appears that the parties agree that damages must be limited to those which "place the injured party in as good a position it would have been in but for the breach." *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 684 N.E.2d 1261, 1266 (Ohio Ct. App. 1996) (quoted by MFLLC (Doc. No. 118 at 10) and Plaintiffs (Doc. No. 128 at 13)). Accordingly, I trust that the parties will be mindful of this and the scope of discovery permitted under Rule 26(b) when conducting all future discovery.